USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/3/24

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
MAXBOUNTY, ULC,                                                :
                                                               :
                              Plaintiff,                       :
                                                               :
                -against-                                      :    24-CV-3307 (VEC)
                                                               :
ZOCDOC, INC. & DOES 1–10,                                      :    OPINION AND ORDER
                                                               :
                              Defendants.                      :
                                                               :
-------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

On April 30, 2024, Plaintiff MaxBounty, ULC, commenced this action for breach of contract.[1] *See* Compl., Dkt. 1. The Complaint predicates subject matter jurisdiction on diversity of citizenship pursuant to 28 U.S.C. § 1332. *Id.* ¶ 2. Plaintiff alleges that it is a Canadian Unlimited Liability Corporation ("ULC") with its principal place of business in Ottawa, Canada. *Id.* ¶ 5. Although the Complaint fails to allege Plaintiff's place of incorporation, Plaintiff's memorandum of law in response to the Court's order to show cause states that it is incorporated under the laws of British Columbia, Canada. Pl. Mem. at 4, Dkt. 9. Defendant Zocdoc is a Delaware corporation with its principal place of business in New York, New York. Compl. ¶ 6.[2]

Because a ULC is a business structure that exists only in Canada and "shares some of the characteristics of a partnership and a corporation under U.S. law," *see Wyndham Hotel Grp. Canada, ULC v. Ostrander*, No. 21-16333, 2022 WL 16552817, at *2 (D. N.J. Oct. 31, 2022), on May 1, 2024, the Court ordered Plaintiff to show cause why it should be treated like a

---

[1] Defendant answered and counterclaimed on May 22, 2024. *See* Answer, Dkt. 13. Plaintiff answered the counterclaim on June 12, 2024, and filed an Amended Complaint on June 13, 2024. *See* Pl. Answer, Dkt. 23; Am. Compl., Dkt. 24.

[2] Plaintiff is not aware of the names and capacities of Defendants designated as Does 1–10 but alleges that it will seek leave to amend the Complaint upon discovering their identities. *Id.* ¶ 7.

1

corporation rather than like a limited liability company ("LLC") for purposes of subject matter jurisdiction or, in the alternative, to file an affidavit that establishes that, even if the ULC is treated as an LLC, all of its members are diverse from Defendant. *See* Order, Dkt. 6.

Plaintiff filed a memorandum of law arguing that it should be treated as a corporation for purposes of determining subject matter jurisdiction because "a ULC is structurally analogous to an ordinary corporation." Pl. Mem. at 4. ULCs possess articles, by-laws, and shareholders like ordinary corporations; Plaintiff argues that those characteristics make ULCs fundamentally similar to corporations. *Id*. at 2. Further, ULCs are incorporated "in the usual manner under the laws of the state of incorporation, [and] possess the formal characteristics of an ordinary corporation." *Id*. at 3 (citing *Wyndham Hotel Grp. Canada, ULC*, 2022 WL 16552817, at *2). Inexplicably, Plaintiff asserts that, "[a]s is the case with U.S. corporations," ULC shareholders have exposure for debts and losses incurred by the company in the case of a liquidation. *Id*. (citing *UET RR, LLC v. Comis*, No. 14-CV-01237, 2015 WL 5770831, at *7 (D. Colo. Oct. 2, 2015)). Finally, Plaintiff argues that although there are only a few cases that address the treatment of ULCs for diversity purposes, the ones that have done so have universally treated ULCs as corporations. *Id*. at 4 (citing *UET RR, LLC*, 2015 WL 5770831, at *7; *Wyndham Hotel Grp. Canada, ULC*, 2022 WL 16552817, at *3).

The Court has an obligation, "on its own motion, to inquire as to subject matter jurisdiction and satisfy itself that such jurisdiction exists." *Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 361–62 (2d Cir. 2000) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977)); *see also Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) (noting that federal courts "must raise and decide jurisdictional questions that the parties either overlook or elect not to press" (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514

2

(2006))).  Further, "[t]he plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (citation omitted).  The plaintiff "must allege a proper basis for jurisdiction in [its] pleadings," *Linardos v. Fortuna*, 157 F.3d 945, 947 (2d Cir. 1998), and a "court must review a plaintiff's complaint at the earliest opportunity to determine whether [there is in fact] subject matter jurisdiction," *Weiss Acquisition, LLC v. Patel*, No. 12-CV-1819, 2013 WL 45885, at *1 (S.D.N.Y. Jan. 3, 2013) (internal quotation marks and citations omitted).  At the pleading stage, the Court must accept Plaintiff's factual allegations as true, although it may also "consider relevant materials beyond the pleadings" to assess jurisdiction.  *Esquibel v. Colgate-Palmolive Co.*, No. 23-CV-742, 2023 WL 7412169, at *2 (S.D.N.Y. Nov. 9, 2023) (citation omitted).

A corporation is the "paradigmatic artificial person," and the Supreme Court has held that a corporation is "capable of being treated as a citizen of [the State which created it]." *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187–88 (1990) (citation omitted).  Although corporations suing in diversity have been "deemed" citizens, the Supreme Court has repeatedly resisted extending "citizenship" to other types of entities.  *See Chapman v. Barney,* 129 U.S. 677, 682 (1889) (holding that a joint-stock company cannot be a citizen of New York "unless it [is] a corporation"); *Great S. Fire Proof Hotel Co. v. Jones*, 177 U.S. 449 (1900) (holding that a limited partnership association cannot be deemed a citizen under the jurisdictional rules for corporations); *United Steelworkers of Am., AFL-CIO v. R.H. Bouligny, Inc.,* 382 U.S. 145, 151 (1965) (reiterating that "the doctrinal wall of *Chapman v. Barney*" would not be breached). Unincorporated associations are viewed as collections of individuals; when "persons composing such association" sue in their collective name, they are the parties whose citizenship determines whether a federal court has diversity jurisdiction.  *Great S. Fire Proof Hotel Co.*, 177 U.S. at

3

456. For unincorporated entities, the Supreme Court has "adhere[d] to [its] oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of all [its] members." *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 381 (2016) (internal quotation marks and citations omitted). For purposes of diversity jurisdiction, it is well settled that both partnerships and LLCs have the citizenship of all of their members. *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 52–53 (2d Cir. 2000).

Plaintiff has not met its burden to demonstrate that the Court has subject matter jurisdiction over this matter. Determining Plaintiff's citizenship is something of a challenge because a ULC is a business entity that exists only in three Canadian provinces. *See* Thomson Reuters, Practical Law, Glossary, *Unlimited Liability Company* (ULC), https://ca.practicallaw.thomsonreuters.com/w-015-1588?transitionType=Default & contextData=(sc.Default) & firstPage=true (visited July 2, 2024). A ULC has some characteristics of a partnership and some characteristics of a corporation under United States law. If the Court treats Plaintiff as a corporation, then the parties would be diverse, as Plaintiff is a citizen of Canada, and Defendant is a citizen of Delaware and New York. If, however, the Court views Plaintiff as more akin to a partnership, then the Court is unable to ascertain its citizenships from the Complaint or from Plaintiff's memorandum of law as the citizenships of its shareholders have not been alleged.

The Court has found a very limited number of federal cases in its research that have involved ULCs, and of those, only two courts, both from outside of this Circuit, have viewed ULCs as corporations for purposes of determining subject matter jurisdiction; those are the cases

4

on which Plaintiff relies in its memorandum of law.³ Pl. Mem. at 4 (citing *UET RR, LLC*, 2015 WL 5770831, at \*7; *Wyndham Hotel Grp. Canada, ULC*, 2022 WL 16552817, at \*3).

Neither of those cases is particularly helpful. Following a bench trial, in *UET RR, LLC*, the Court determined that diversity jurisdiction existed despite the Canadian defendants contesting personal jurisdiction. *UET RR, LLC v. Comis*, No. 14-CV-1237, 2017 WL 1856508, at \*1 (D. Colo. May 9, 2017). One of the defendants was a ULC and a number of defendants were shareholders of the ULC. The Court treated the ULC as a corporation for subject matter jurisdiction purposes but did not discuss why a ULC is more similar to a corporation than to an LLC or a partnership. *See id*. In response to the individual defendants contesting personal jurisdiction, the Court noted that the members of the ULC's "exposure is indirect–as members of an unlimited liability company." *Id*. at \*6. Because the Court engaged in no analysis, the decision is not helpful.

In *Wyndham Hotel Grp. Canada, ULC*, one of the plaintiffs was a ULC; it alleged that it was organized under Nova Scotia law with its principal place of business in New Jersey and that, despite being a citizen of both Canada and New Jersey, for purposes of diversity jurisdiction, only its U.S. citizenship should be recognized. 2022 WL 16552817, at \*2. It was suing a citizen of Canada. *Id.* The plaintiff assumed that it would be treated as a corporation for purposes of determining whether there was diversity. *Id.* at \*3. The Court treated the plaintiff as a corporation but dismissed the case for lack of subject matter jurisdiction. *Id.* The Court rejected the plaintiff's argument that only its U.S. citizenship should be recognized; because the

---

³       In another case, *Alliance Energy Servs., LLC v. Kinder Morgan Cochin LLC*, 80 F. Supp. 3d 963 (D. Minn. 2015), the court granted the plaintiff's motion to remand to state court based on a lack of removal jurisdiction. One of the defendants was a ULC, and the parties agreed that the Court did not have diversity jurisdiction. *See id.* at 969 n.1. Presumably because of the parties' agreement, that Court did not linger over determining the citizenship of the ULC.

5

defendant was also a Canadian citizen, the Court lacked subject matter jurisdiction. *See id*. at *5; *id*. at *3 (holding that when there are alien parties on both sides of the controversy, there is no diversity even if the parties are citizens of different foreign countries). Notwithstanding the plaintiff's assumption that it should be treated as a corporation, the Court stated that the plaintiff had "failed to allege, even generally, the identities or citizenship of [the ULC's] shareholders or members. Thus, if [the ULC] w[as] treated as being analogous to a partnership, it would be necessary to dismiss the complaint, on a facial jurisdictional attack, for failure to allege diversity of citizenship." *Id*. at *3 n.2 (citation omitted). Nevertheless, the Court assumed without deciding that the plaintiff ULC should be treated as a corporation because that assumption favored the plaintiff in a case that was going to be dismissed anyway. That case, given its posture, is also not helpful.

      The Court does not accept Plaintiff's contention that it should be treated akin to a corporation for purposes of determining whether diversity exists. There is a "presumption of corporate independence," in which corporations are viewed as separate from their shareholders. *See Freeman v. Complex Computing Co., Inc.*, 119 F.3d 1044, 1052 (2d Cir. 1997). Embedded in this presumption is the bedrock principle that "shareholders . . . of a corporation ordinarily are not liable for the corporation's debts or obligations." *Chevron Corp. v. Salazar*, 807 F. Supp. 2d 189, 195 (S.D.N.Y. 2011). In sharp contrast to the law governing corporations, shareholders of a ULC are jointly and severally liable "if the company liquidates . . . to contribute to the assets of the company for the payment of the [ULC's] debts and liabilities." British Columbia Business Corporations Act, S.B.C. 2002, c. 57, s. 51.3(1) (Can.). This salient characteristic leads the

Court to conclude that, for purposes of assessing whether there is diversity jurisdiction, ULCs are more similar to partnerships than they are to corporations.[4]

Because Plaintiff has not alleged the citizenship of its shareholders, it has not alleged facts sufficient to invoke this Court's subject matter jurisdiction by reason of diversity of citizenship. 28 U.S.C. § 1332(a).

## **CONCLUSION**

For the foregoing reasons, the Complaint is dismissed for lack of subject matter jurisdiction. The dismissal is without prejudice. *Spira v. Trans Union, LLC*, No. 21-CV-2367, 2022 WL 2819469, at *6 (S.D.N.Y. July 19, 2022) (citations omitted). To the extent Plaintiff has a good faith basis for filing a second Amended Complaint setting forth facts sufficient to invoke diversity jurisdiction, it must move for leave to do so within thirty days of the date of this Order.

**SO ORDERED.**

**Date: July 3, 2024**                                         **VALERIE CAPRONI**
      **New York, New York**                          **United States District Judge**

---

[4] The Court notes that under United States tax regulations, some foreign business entities are automatically classified as corporations; ULC's are expressly not treated as corporations by the Internal Revenue Service. Treas. Reg. § 301.7701–2(b)(ii)(1) (2019).

7